1  Kenneth A. Franklin (# 143809)
     kfranklin@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
3  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
4  Telephone:  (626) 535-1900
   Facsimile:   (626) 577-7764
5
   Attorneys for Defendant
6  WELLS FARGO BANK, N.A., successor by
   merger with Wells Fargo Bank Southwest, N.A.,
7  f/k/a Wachovia Mortgage, FSB, f/k/a World
   Savings Bank, FSB ("Wells Fargo")(sued
8  erroneously as "Wells Fargo Home Mortgage
   the successors and assigns of Wachovia
9  Corporation; the successors and assigns of
   World Savings Bank")
10

11                UNITED STATES DISTRICT COURT

12      NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

13

14  KARL BASTIAN,                          CASE NO.:  3:14-CV-02813-JD

15              Plaintiff,                 [The Honorable James Donato]

16       vs.                              **DEFENDANT WELLS FARGO BANK,
                                          N.A.'S MOTION TO DISMISS**
17  WELLS FARGO HOME MORTGAGE; THE        **COMPLAINT PURSUANT TO F.R.C.P.**
    SUCCESSORS AND ASSIGNS OF             **RULES 8, 9 AND 12(b)(6)**
18  WACHOVIA CORPORATION; THE
    SUCCESSORS AND ASSIGNS OF WORLD
19  SAVINGS BANK; and DOES 1 through 20,
    inclusive,                            Date:       August 6, 2014
20                                         Time:       9:30 a.m.
                Defendant                 Ctrm:       11, 19th Floor
21

22

23  **TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

24        **PLEASE TAKE NOTICE** that on August 6, 2014, at 9:30 a.m. in courtroom 11, 19

25  floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California,

26  94102, the Honorable James Donato presiding, defendant Wells Fargo Bank, N.A., successor by

27  merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB

28  and formerly known as World Savings Bank, FSB ("Wells Fargo") (erroneously named as

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

"Wells Fargo Home Mortgage the successors and assigns of Wachovia Corporation; the successors and assigns of World Savings Bank"), will move to dismiss all claims in the Complaint, pursuant to F.R.C.P. Rules 8, 9 and 12(b)(6).

Grounds for the motion are:

1.    First Claim for Relief:  Fraudulent Concealment

Plaintiff fails to state a claim for relief because:  (i) plaintiff fails to meet the Rule 8 standard; (ii) it is time-barred under Code of Civil Procedure § 338(d); (iii) plaintiff fails to plead the required elements and with the required specificity under Rule 9; (iv) there is no fiduciary relationship between a lender and its borrower, which is essential to a concealment claim; and (v) it is preempted by the Home Owners' Loan Act ("HOLA").

2.    Second Claim for Relief:  Intentional Misrepresentation

Plaintiff fails to state a claim for relief because:  (i) plaintiff fails to meet the Rule 8 standard; (ii) it is time-barred under Code of Civil Procedure § 338(d); (iii) plaintiff fails to plead the required elements and with the required specificity under Rule 9; and (iv) the claim is preempted by HOLA.

3.    Third Claim for Relief:  Negligent Misrepresentation

Plaintiff fails to state a claim for relief because:  (i) plaintiff fails to meet the Rule 8 standard; (ii) it is time-barred under Code of Civil Procedure § 339; (iii) plaintiff fails to plead the required elements and with the required specificity under Rule 9; (iv) Wells Fargo owed no tort duty of care to plaintiff; and (v) the claim is preempted by HOLA.

4.    Fourth Claim for Relief:  Negligence

Plaintiff fails to state a claim for relief because:  (i) plaintiff fails to meet the Rule 8 standard; (ii) it is time-barred under Code of Civil Procedure § 339; (iii) plaintiff fails to plead the required elements; (iv) Wells Fargo owed no tort duty of care to plaintiff; and (v) the claim is preempted by HOLA.

5.    Fifth Claim for Relief:  Breach Of Fiduciary Duty

Plaintiff fails to state a claim for relief because:  (i) plaintiff fails to meet the Rule 8 standard; (ii) it is time-barred under Code of Civil Procedure § 343; (iii) plaintiff fails to plead

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   the required elements; (iv) Wells Fargo owed no fiduciary duty to plaintiff; and (v) the claim is

2   preempted by HOLA.

3          6.      <u>Sixth Claim for Relief:  Breach of Contract</u>

4          Plaintiff fail to state a claim for relief because:  (i) plaintiff fails to meet the Rule 8

5   standard; (ii) it is time-barred under Code of Civil Procedure § 339; (iii) plaintiff fails to plead

6   the required elements; and (iv) the claim is preempted by HOLA.

7          7.      <u>Seventh Claim for Relief:  Violation of Business & Professions Code § 17200</u>

8          Plaintiff fails to state a claim for relief because:  (i) plaintiff fails to meet the Rule 8

9   standard; (ii) it is time-barred under Business & Professions Code § 17208; (iii) plaintiff fails to

10  plead the required elements; (iv) plaintiff lacks standing because he suffered no loss of money or

11  property as a result of the alleged violation; and (v) the claim is preempted by HOLA.

12         8.      <u>Eighth Claim for Relief:  To Void or Cancel Assignment</u>

13         Plaintiff fails to state a claim for relief because:  (i) plaintiff fails to meet the Rule 8

14  standard; (ii) plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be

15  granted; (iii) the judicially noticeable documents conclusively establish that was no assignment

16  of the trust deed and no assignment was necessary; and (iv) the claim is preempted by HOLA.

17         9.      <u>Ninth Claim for Relief:  Fraudulent Inducement</u>

18         Plaintiff fails to state a claim because:  (i) plaintiff fails to meet the Rule 8 standard; (ii) it

19  is time-barred under Code of Civil Procedure § 338(d); (iii) plaintiff fails to plead the required

20  elements and with the required specificity under Rule 9; and (iv) the claim is preempted by

21  HOLA.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

The motion is based on this notice, the memorandum of points and authorities, the complaint, the accompanying request for judicial notice, and on Wells Fargo's argument at the hearing.

Respectfully submitted,

Dated:  June 25, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By:  _/s/ Kenneth A. Franklin_
    Kenneth A. Franklin
    kfranklin@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")(sued erroneously as "Wells Fargo Home Mortgage the successors and assigns of Wachovia Corporation; the successors and assigns of World Savings Bank")

# TABLE OF CONTENTS

Page

1. INTRODUCTION ..................................................................................................1

2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS.............................................................................1

3. PLAINTIFF'S ENTIRE COMPLAINT FAILS TO SATISFY THE RULE 8 PLEADING REQUIREMENTS ............................................................2

4. EIGHT OF PLAINTIFF'S CLAIMS FOR RELIEF ARE TIME-BARRED ....................3

    A. First Claim for "Fraudulent Concealment": 3 years from discovery – C.C.P § 338(d). .............................................................................3

    B. Second Claim for Intentional Misrepresentation. 3 years – C.C.P. § 338(d)................................................................................................3

    C. Third and Fourth Claims for Negligent Misrepresentation and Negligence: Negligence Has a Two-Year Statute of Limitation – C.C.P. § 339..................................................................................................4

    D. Fifth Claim for Breach of Fiduciary Duty: 4 years – C.C.P. § 343. .......................4

    E. Sixth Claim for Breach of Contract: 2 years – C.C.P. § 339. ...................4

    F. Seventh Claim for Violation of Business & Professions Code § 17200: 4 years – B&P Code § 17208.......................................................5

    G. Ninth Claim for Fraudulent Inducement: 3 years – C.C.P. § 338(d). .....................5

5. PLAINTIFF CANNOT SUPPORT A CLAIM FOR EQUITABLE TOLLING ...................................................................................................5

6. PLAINTIFF'S FRAUD BASED CLAIMS FAIL .................................................8

    A. Fraudulent Concealment And Fraudulent Inducement ...........................................8

    B. Intentional Misrepresentation And Negligent Misrepresentation.........................9

7. PLAINTIFF FAILS TO STATE CLAIMS FOR NEGLIGENCE AND NEGLIGENT MISREPRESENTATION ..................................................................13

8. THE BREACH OF FIDUCIARY DUTY CLAIMS FAIL AS A MATTER OF LAW ................................................................................................14

9. PLAINTIFF FAILS TO STATE A BREACH OF CONTRACT CLAIM ......................14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

i

10.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF
      BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ*. .............................................15

      A.    Plaintiff Fails To Plead The Required Elements....................................................15

      B.    Plaintiff Lacks Standing To State A Claim............................................................16

11.   PLAINTIFF'S EIGHTH CLAIM, TO CANCEL ASSIGNMENT OF
      DEED OF TRUST, FAILS ...............................................................................................18

12.   ALL OF PLAINTIFF'S CLAIMS ARE PREEMPTED BY  THE HOME
      OWNERS' LOAN ACT ("HOLA")..................................................................................18

      A.    Plaintiff's First Through Seventh And Ninth Claims Relate To The
            Loan Origination And Are Therefore Preempted ...................................................20

      B.    Plaintiff's Eighth Claim Relating To Ownership Of The Note Is
            Preempted By HOLA..............................................................................................22

13.   CONCLUSION.................................................................................................................23

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4
*Ahmed v. Wells Fargo Bank,*
   2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) ........................................23

5
*Alvarez v. Wells Fargo Bank, N.A.,*
6
   2013 U.S. Dist. LEXIS 14304 (C.D. Cal. Jan. 31, 2013) ........................................7, 8, 22, 11

7
*Amaral v. Wachovia Mortgage,*
   692 F. Supp. 2d 1226 (E.D. Cal. 2010)................................................................21
8

*Andrade v. Wachovia Mortgage, FSB,*
9
   2009 U.S. Dist. LEXIS 34872 (S.D. Cal. April 21, 2009)......................................21

10
*Ashcroft v. Iqbal,*
11
   129 U.S. 1937 (2009)...........................................................................................2, 3

12
*Bassett v. Ruggles,*
   2009 U.S. Dist. LEXIS 83349 (E.D. Cal. Sept. 14, 2009)......................................21
13

14
*Becker v. Wells Fargo Bank, N.A.,*
   2011 U.S. Dist. LEXIS 29687 (E.D. Cal. March 11, 2011) ...................................23

15
*Bell Atlantic Corp. v. Twombly,*
16
   550 U.S. 544 (2007)..............................................................................................2

17
*Bonyadi v. Citimortgage Bank,*
   2013 U.S. Dist. LEXIS 33302 (C.D. Cal. Mar. 8, 2013) ......................................5, 7, 11, 16
18

19
*Bonyadi v. Citimortgage Bank,*
   2013 U.S. Dist. LEXIS 83486 (C.D. March 2013)................................................7

20
*Cerecedes v. U.S. Bankcorp,*
21
   2011 U.S. Dist. LEXIS 75559 (C.D. Cal. July 11, 2011) ......................................16

22
*Conder v. Home Sav. of Am.,*
   2010 U.S. Dist. LEXIS 59524, 2010 WL 2486765 (C.D. Cal. June 14, 2010) ........................7
23

24
*Das v. WMC Mortg. Corp.,*
   831 F. Supp. 2d 1147 (N.D. Cal. 2011) ................................................................7

25
*DeLeon v. Wells Fargo Bank, N.A.,*
26
   2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011) ......................................13, 17

27
*Gammad v. CitiMortgage, Inc.,*
   2011 U.S. Dist. LEXIS 146776 (N.D. Cal. Dec. 21, 2011)....................................6
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Garcia v. Wachovia Mortgage, Corp.*,
    676 F. Supp. 2d 895 (C.D. Cal. 2009) ...................................................................21

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
    100 F. Supp. 2d 1086 (C.D. Cal. 1999) ..................................................................9

*Gomez v. Wachovia Mortg. Corp.*,
    2010 U.S. Dist. LEXIS 3799 (N.D. Cal. Jan. 15, 2010) ........................................6

*Hague v. Wells Fargo Bank, N.A.*,
    2012 U.S. Dist. LEXIS 84695 (N.D. Cal. Aug. 2, 2011) ......................................18

*Hinton v. Pac. Enters.*,
    5 F.3d 391 (9th Cir. 1993) ......................................................................................5

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..............................................................................16

*Lawrence v. Sadek*,
    2013 U.S. Dist. LEXIS 16920 (C.D. Cal. Feb. 6, 2013) .........................................9

*Madhvamuni K Das v. WMC Mortg. Corp.*,
    2012 U.S. Dist. LEXIS 66521 (N.D. Cal. May 10, 2012) .......................................6

*Martinez v. Welk Group, Inc.*,
    2011 U.S. Dist. LEXIS 58718 (S.D. Cal. June 2, 2011) ........................................16

*Melegrito v. CitiMortgage Inc.*,
    2011 U.S. Dist. LEXIS 60447 (N.D. Cal. June 6, 2011) .......................................15

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir. 1989) .................................................................................10

*Naulty v. Greenpoint Mortgage Funding, Inc.*,
    2009 U.S. Dist. LEXIS 79250 (N.D. Cal. Sept. 2, 2009) ......................................22

*Nava v. Virtual Bank, et al.*,
    2008 U.S. Dist. LEXIS 72819, at *19-*20 (E.D. Cal. 2008)..................................22

*Neilson v. Union Bank of Cal., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ...................................................................9

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) .......................................................................................9

*Nguyen v. Wells Fargo Bank, N.A.*
    749 F. Supp. 2d 1022, 1037 (N.D. Cal. 2010) ......................................................15

*Nichalson v. First Franklin Fin. Corp.*,
    2010 U.S. Dist. LEXIS 91750 (E.D. Cal. Sept. 2, 2010) ........................................6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

iv

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Omega v. Wells Fargo & Co.*,
   2011 U.S. Dist. LEXIS 103928 (N.D. Cal. Sept. 14, 2011) .......................................19

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
   732 F. Supp. 2d 952 (N.D. Cal. 2010) ....................................................................5

*Silvas v. E\*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ...............................................................................19

*Slipak v. Bank of Am., N.A.*,
   2011 U.S. Dist. LEXIS 131079 (E.D. Cal. Nov. 10, 2011) .......................................16

*Spurlock v. Carrington Mortg. Servs.*,
   2010 U.S. Dist. LEXIS 80221 (S.D. Cal. Aug. 4, 2010) ...........................................6

*Winding v. Cal-Western Reconveyance Corp.*,
   2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011)............................................22

*Wool v. Tandem Computers, Inc.*,
   818 F.2d 1433 (9th Cir. 1987) ...............................................................................10

**STATE CASES**

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004) .................................................................................9

*Cel-Tech Comm's, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) ...................................................................................15, 16

*Conroy v. Regents of Univ. of Calif.*,
   45 Cal. 4th 1244 (2009) ........................................................................................12

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079 (2007) .............................................................................17

*Eddy v. Sharp*,
   199 Cal. App. 3d 858 (1988) .................................................................................13

*Graham v. Bank of Am., N.A.*,
   2014 Cal. App. LEXIS 452 (May 23, 2014)................................................... passim

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008) ...............................................................................16

*Hayter Trucking, Inc. v. Shell Western E&P, Inc.*,
   18 Cal. App. 4th 1 (1993) .....................................................................................14

*Ingels v. Westwood One Broadcasting Services, Inc.*,
   129 Cal. App. 4th 1050 (2005) .............................................................................15

v

*Jenkins v. JP Morgan Chase Bank, N.A.,*
216 Cal. App. 4th 497 (2013) ................................................................17

*Khoury v. Maly's, Inc.,*
14 Cal. App. 4th 612 (1993) ..................................................................15

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal. 4th 1134 (2003) ........................................................................15

*Kwikset Corp. v. Superior Ct.*
51 Cal. 4th 310 (2011) ...........................................................................17

*LiMandri v. Judkins,*
52 Cal. App. 4th 326 (1997) ..................................................................13

*Merchants Fire Ass. Corp. of N.Y. v. Retail Credit Co., Inc.,*
206 Cal. App. 2d 55 (1962) .....................................................................4

*Nymark v. Heart Fed. Savs. & Loan Ass'n,*
231 Cal. App. 3d 1089 (1991) ....................................................8, 13, 14

*Perlas v. GMAC Mortg., LLC,*
187 Cal. App. 4th 429 (2010) ....................................................8, 11, 14

*Price v. Wells Fargo Bank,*
213 Cal. App. 3d 465 (1989) .............................................................8, 14

*Saunders v. Superior Court,*
27 Cal. App. 4th 832 (1994) ..................................................................16

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.,*
17 Cal. 4th 553 (1998) ...........................................................................15

*Thomson v. Canyon,*
198 Cal. App. 4th 594 (2011) .............................................................4, 12

*Tomlinson v. Qualcomm,*
97 Cal. App. 4th 934 (2002) ..................................................................13

*Ventura County Nat'l Bank v. Macker,*
49 Cal. App. 4th 1528 (1996) ..................................................................4

*Weddington Productions v. Flick,*
60 Cal. App. 793 (1998) .........................................................................14

**FEDERAL STATUTES**

12 U.S.C. § 1461, et seq........................................................... passim

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ...........................................................5, 15, 16

Cal. Bus. & Prof. Code § 17208 ...........................................................5

Cal. Civ. Code § 1624 ...........................................................14

Cal. Civ. Code § 1625 ...........................................................14

Cal. Civ. Code § 2923.5 ...........................................................16

Cal. Civ. Code § 2924-29241 ...........................................................16

Cal. Civ. Proc. Code § 338(d) ...........................................................3, 5

Cal. Civ. Proc. Code § 339 ...........................................................4

Cal. Civ. Proc. Code § 343 ...........................................................4

Cal. Civ. Proc. Code § 1856 ...........................................................14

**RULES**

Fed. R. Civ. P. 8 ...........................................................2, 3, 18

Fed. R. Civ. P. 9(b) ...........................................................9, 10, 16

Fed. R. Civ. P. 12(b)(6) ...........................................................2

**REGULATIONS**

12 C.F.R. § 560.2 ...........................................................19, 22

12 C.F.R. § 560.2(a) ...........................................................19

12 C.F.R. § 560.2(b) ...........................................................19, 21, 22

12 C.F.R. § 560.2(b)(1) ...........................................................22

12 C.F.R. §§ 560.2(b)(4), (9), (10) ...........................................................21, 22

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

This action arises from a home loan made to plaintiff in 2006.  Nearly eight years later, plaintiff complains about the loan terms, claims he never should have qualified for the loan, and alleges that a refinance was promised.

None of the nine claims for relief are actionable.  All are time barred.  Essential elements of each claim are either missing entirely or are contradicted by other allegations in the complaint.  And the state law claims are preempted by federal law.  For the reasons briefed below, Wells Fargo requests an order granting this motion and dismissing the complaint without leave to amend.

### 2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

On October 16, 2006, plaintiff borrowed $707,000 from World Savings Bank, FSB.  (Comp.,¶ 27 and its Exh. A.)  The loan was memorialized by a promissory note and secured by a deed of trust recorded against a Santa Rosa property on October 26, 2007 (the "Property").  (Attached to the Request for Judicial Notice ("RJN") as Exhs A and B are copies of the note and deed of trust.)

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  In November, 2009, it changed its name to Wells Fargo Bank Southwest, N.A. and merged into Wells Fargo Bank, N.A. (RJN, Exs. C, D, E and F are true and correct copies of (i) a Certificate of Corporate Existence issued by the Office of Thrift Supervision ("OTS"), (ii) an OTS letter dated November 19, 2007, authorizing a name change, (iii) the Charter of Wachovia Mortgage, FSB, and (iv) an Official Certification of the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.)

Though the complaint spans 36 pages and 161 paragraphs, plaintiff's grievances can be distilled down to these four:

/ / /

a.  Plaintiff incorporates into each claim for relief the allegations that the lender that originated the loan, World Savings, no longer owns the loan; plaintiff is contesting Defendant's ability to act, as who owns the loan is unknown at the current time". (Comp. ¶50; 152);

b.  The common refrain throughout the first two claims for fraud, the third and fourth for negligent misrepresentation and negligence, the fifth for breach of fiduciary duty, the sixth for breach of contract and the seventh for § 17200 is that World Savings should not have qualified plaintiff for the loan he received (Comp. ¶ 57, 58), and that plaintiff was told the loan he received was "favorable" but that he could "refinance and obtain a more favorable loan". (Comp. ¶ 57.)

c.  The ninth claim for fraudulent inducement alleges that plaintiff has a negative amortization loan and was just recently explained how this loan works." (Comp. ¶ 35; 156-161.)

d.  The eighth claim to void the "assignment of deed of trust" seeks to void a recorded assignment that was never recorded.

### 3.  PLAINTIFF'S ENTIRE COMPLAINT FAILS TO SATISFY THE RULE 8 PLEADING REQUIREMENTS

Rule 8 of the Federal Rules of Civil Procedure requires some meaningful factual information to be alleged for a claim to survive a Rule 12(b)(6) motion.  As stated in *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009):

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation.  [citation].  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of cause of action will not do." [citation].  Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

> To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129 U.S. at 1949.  Coupled with the recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), pleading requirements are now sharpened.  Taken together, these cases establish that a plaintiff must "allege enough facts to state a claim to relief that is plausible on its face;" in other words, the standard became "plausible," not "conceivable." *Twombly*, 550 U.S. at 557.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    The complaint falls well short of this standard.  It consists mostly of a generic allegation

2  that plaintiff could not afford the loan he was provided, that plaintiff could have qualified for a

3  "more favorable" loan and that defendants did not fully disclose the loan terms. What is more,

4  the complaint attempts to avoid the statute of limitations with factually devoid assertions that

5  plaintiff did not "discover" the loan terms until over six years after he signed the loan

6  documents.  The complaint relies almost entirely on improper labels and legal conclusions,

7  which are not entitled to the presumption of truth.  *Iqbal,* at 1949-50.  As such, the complaint

8  does not meet the Rule 8 standards and must be dismissed.

9    **4.    EIGHT OF PLAINTIFF'S CLAIMS FOR RELIEF ARE TIME-BARRED**

10    Plaintiff signed his loan documents in October 2006 and the deed of trust was recorded

11  October 26, 2007.  (Comp. ¶ 27, RJN, Exh. A, B.)  Yet plaintiff did not file this action until

12  March 11, 2014, seven and one-half years later.  Eight of the claims for relief are time barred.

13  **A.    First Claim for "Fraudulent Concealment":  3 years from discovery – C.C.P**

14  **§ 338(d).**

15    Though labeled as "concealment", plaintiff alleges affirmative representations - - that

16  plaintiff qualified for the loan and that he would "be in a favorable loan," and that he could

17  refinance.  (Comp. ¶¶ 57-60.)

18    All these occurred before the loan closed in October, 2007.  Code of Civil Procedure

19  § 338(d) bars fraud claims filed more than 3 years after plaintiff's discovery.  Since plaintiff

20  signed his loan documents on October 21, 2006, and obviously knew of the loan terms at that

21  time, his fraud claim was barred on October 21, 2009.  (Comp., Exh. A; RJN, Exh. A.)

22  **B.    Second Claim for Intentional Misrepresentation.  3 years – C.C.P. § 338(d).**

23  This claim is based on the same allegation that defendants falsely represented "plaintiff could

24  afford the loan" (Comp. ¶ 91) and that he would be able to refinance "once the teaser payment

25  adjusted." (Comp. ¶ 87.)  Since the representation occurred before the loan closed in October,

26  2006, (Comp. ¶ 90) this claim was time barred by September 2009.

27  / / /

28  / / /

1    **C.      Third and Fourth Claims for Negligent Misrepresentation and Negligence:**

2            **Negligence Has a Two-Year Statute of Limitation – C.C.P. § 339.**

3            A negligent misrepresentation claim has either a two-or three-year statute of limitations.

4    Compare, *Ventura County Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1530-31 (1996)

5    (rejecting plaintiff's argument that claim for negligent misrepresentation had a statute of

6    limitations of three years; agreeing with defendants that "the essence of this cause of action is

7    negligence, not fraud"), with *Merchants Fire Ass. Corp. of N.Y. v. Retail Credit Co.*, Inc., 206

8    Cal. App. 2d 55, 61-62 (1962) (concluding that claim for negligent misrepresentation had a

9    three-year statute of limitations).  Even if plaintiff's claim is based on fraud and applying the

10   longer time period, the cause of action is still barred by the Statute of Limitation.  Both claims

11   rely on the same loan origination allegations found in the first two fraud claims.  (Comp. ¶ 91,

12   107, 113.)  Since plaintiff alleges that the negligent conduct occurred during the loan origination

13   in September 2006 (Comp. ¶ 90), he was required to file his negligence-based claims no later

14   than September 2008 or at the latest September 2009.

15   **D.      Fifth Claim for Breach of Fiduciary Duty: 4 years – C.C.P. § 343.**

16           "The Code of Civil Procedure does not specify a statute of limitations for breach of

17   fiduciary duty.  The cause of action is therefore governed by the residual four-year statute of

18   limitations in Code of Civil Procedure Section 343 governing '[a]n action for relief not

19   hereinbefore provided for' in the code." *Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011).

20           Plaintiff alleges that defendants breached their fiduciary duty by placing him in a loan

21   with unfavorable terms.  (Comp. ¶ 125.)  The loan closed in October 2006.  (Comp. ¶ 27; RJN,

22   Exh. A, B.)  Thus, plaintiff was required to file this claim by October 2010.

23   **E.      Sixth Claim for Breach of Contract: 2 years – C.C.P. § 339.**

24           This is based on an oral promise that plaintiff would receive "a favorable loan" and could

25   refinance when the "teaser payment adjusted."  (Comp. ¶ 129.)  The two-year statute of

26   limitations in C.C.P. § 339 applies.  Since the breach allegedly occurred, at the latest, when

27   plaintiff obtained his loan on October 26, 2006, it was time barred on October 26, 2008.

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**F.      Seventh Claim for Violation of Business & Professions Code § 17200:  4 years –**
**         B&P Code § 17208.**

        The predicate acts are the alleged fraudulent concealment, misrepresentations, and breach of fiduciary duty, which plaintiff alleges occurred in September 2006 when his loan was originated.  (Comp. ¶¶ 90, 135-141.)  Thus, plaintiff was required to bring his claim by September 2010.  *See, Bonyadi v. Citimortgage Bank*, 2013 U.S. Dist. LEXIS 33302, at *18 (C.D. Cal. Mar. 8, 2013) (Court held UCL claim based on conduct that took place at the time of the loan origination in June 2006 was time-barred by June 2010).

**G.      Ninth Claim for Fraudulent Inducement: 3 years – C.C.P. § 338(d).**

        Plaintiff alleges that Wells Fargo failed to disclose "legally mandated information concerning the negative amortization . . . ."  (Comp. ¶ 156.)  The alleged failure to disclose occurred at the loan inception.  (*Id*.)  Since plaintiff signed his Loan documents on October 21, 2006, this claim was time barred by October 21, 2009.  (Comp., Exh. A; RJN, Exh. A.)

**5.      PLAINTIFF CANNOT SUPPORT A CLAIM FOR EQUITABLE TOLLING**

        Mindful of these time bars, plaintiff alleges that his seven year old claims are not barred because he did not discover them until September 2012 when his attorney conducted a loan audit.  (¶¶ 54, 80 and 98.)  When the face of a complaint reveals a statute of limitations bar to the claims asserted, the burden falls on the plaintiff to plead and prove some way to avoid the time bar to his claims.  *Hinton v. Pac. Enters.,* 5 F.3d 391, 395 (9th Cir. 1993) (the burden to plead facts which would give rise to equitable tolling falls upon the plaintiff).

        Equitable tolling focuses on whether there was excusable delay by the plaintiff:  If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will extend the statute of limitations until the plaintiff can gather what information he needs.  To plead equitable tolling, plaintiff must allege facts demonstrating that he or she could not have discovered the alleged violations by exercising reasonable diligence.  *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F. Supp. 2d 952, 964 (N.D. Cal. 2010).

/ / /

1    No such allegations appear in the pleading.  And courts have routinely held that the

2    failure to read, or get help in understanding, loan documents is not reasonable and cannot serve

3    as a basis to toll the statute of limitations.  *Gammad v. CitiMortgage, Inc*., 2011 U.S. Dist.

4    LEXIS 146776, *8 (N.D. Cal. Dec. 21, 2011); *Madhvamuni K Das v. WMC Mortg. Corp.*, 2012

5    U.S. Dist. LEXIS 66521 (N.D. Cal. May 10, 2012); *Nichalson v. First Franklin Fin. Corp*., 2010

6    U.S. Dist. LEXIS 91750, *7 (E.D. Cal. Sept. 2, 2010).  *See also*, *Gomez v. Wachovia Mortg.*

7    *Corp.*, 2010 U.S. Dist. LEXIS 3799 at *13 (N.D. Cal. Jan. 15, 2010) ("Plaintiff did not allege . . .

8    circumstances that served to prevent her - in the exercise of all due diligence - from having the

9    documents translated into Spanish. . . .  Consequently, the Court finds that the doctrine of

10    equitable tolling does not apply to plaintiff's TILA claim and is therefore time-barred.").

11    In *Spurlock v. Carrington Mortg. Servs.*, 2010 U.S. Dist. LEXIS 80221, at *13-*15 (S.D.

12    Cal. Aug. 4, 2010), the plaintiffs asserted a time-barred TILA claim based on defendants' alleged

13    failure to provide "material disclosures such as the non-disclosure of yield premiums."  The

14    Court rejected the plaintiffs' argument that the statute of limitations was tolled because plaintiffs

15    did not discover the TILA violation until foreclosure proceedings commenced, and stated:

16    "Other than conclusory allegations that Defendants acted fraudulently, however, Plaintiffs fail to

17    demonstrate why they could not have discovered the alleged TILA violations earlier or how

18    Defendants prevented them from doing so."  *Id.* at *14-*15.

19    Likewise, plaintiff has not alleged any facts revealing why he did not discover his loan

20    carried a possible negative amortization.  The note and the deed of trust clearly identifies the

21    loan as an adjustable rate loan with a negative amortization feature.

22    Then plaintiff merely alleges that he "was originally promised a 10 year interest only

23    loan, and that is what Plaintiff thought he signed."  (Comp. ¶ 34.)  Plaintiff fails to explain how

24    he signed a note and deed of trust that contained different terms from what he "thought he

25    signed," and why he failed to discover his error for almost eight years.  Indeed, plaintiff does not

26    allege any actions by Wells Fargo that prevented him from discovering the terms of the loan.

27    Thus, plaintiff fails to allege any basis for the application of equitable tolling.

28    / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    "When, as here, it is apparent on the face of a pleading that the time limit of an applicable

2    statute of limitations has run, in order to avoid the bar of the statute it is incumbent upon the

3    pleader to state, with particularity, facts, rather than conclusions, which excuse his failure to

4    learn of the fraud within the statutory period." *Id*. at 719.  In *Bonyadi v. Citimortgage Bank,*

5    2013 U.S. Dist. LEXIS 83486, (C.D. March 2013*)*, the plaintiff contended that equitable tolling

6    should apply to save her claim for fraud and alleged that "she did not learn of the

7    'unconscionable terms and alleged fraud' in her loans until January 2012 because she 'did not

8    and could not' have had knowledge of her specific allegations or causes of action until she

9    retained legal representation."  The Court stated:

> Plaintiff's claim, however, depends entirely on alleged fraudulent misstatements contained in her loan agreement, which plaintiff signed in October 2006. As a party to a contract which she signed, plaintiff is charged with reading and understanding the terms of that contract or seeking assistance if she did not.  Therefore, because plaintiff had ample 'reason to discover' her claims at the time she entered into the loan agreement, her claims accrued as of May 2006.  Numerous courts have found similar claims to be time-barred under the applicable statute of limitations, where a plaintiff alleged fraud grounded in the loan application itself. *See, e.g. Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d 1147, 1158 (N.D. Cal. 2011) (finding plaintiff's claims time-barred where any fraud 'should have been apparent at the time the loan documents were signed')**;** *Conder v. Home Sav. of Am.*, 2010 U.S. Dist. LEXIS 59524, 2010 WL 2486765, at *3 (C.D. Cal. June 14, 2010) (finding equitable tolling did not apply where any alleged violations were 'objectively and reasonably apparent on the face' of the loan agreement).  Accordingly, the statute of limitations bars plaintiff's claims sounding in fraud.

18   *Bonyadi*, at *11-*12.

19       Here, the final loan terms were memorialized in the note signed by plaintiff in October

20   2006.  (Comp., ¶ 27 and Exh. A thereto; RJN, Exh. A.)  **The note plaintiff signed is clearly**

21   **titled "Adjustable Rate Mortgage Note"** and states that the payment "will change on the 3rd

22   day of December 2007 and every 52 weeks thereafter."  (RJN Exh. A, p.2, ¶ 3(C).)  The deed of

23   trust likewise specifically states that there will be interest rate changes and deferred interest.

24   (Comp., Exh. A, page 1.)

25       Moreover, the note and deed of trust expressly matured on November 20, 2036.  (RJN,

26   Exh. A, 3(A); Comp. Exh. A, 1(D).  Therefore, plaintiff knew or should have known that he did

27   not receive a 10-year, interest-only loan.  Finally, the note's section 4(E) specifically describes

28   the deferred interest.  As in *Bonyadi* and *Alvarez*, plaintiff's conclusory allegations regarding the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    discovery of the alleged fraud in September 2012 do not warrant the application of delayed

2    discovery or equitable tolling.

3          Accordingly, the statutes of limitations began to run in October 2006 and barred his

4    claims no later than December 2010.

5                    **6.    PLAINTIFF'S FRAUD BASED CLAIMS FAIL**

6    **A.    Fraudulent Concealment And Fraudulent Inducement**

7          Plaintiff's fraudulent concealment and "fraudulent inducement" claims are based on

8    alleged concealment or non-disclosure.  In first claim for fraudulent concealment, plaintiff

9    alleges that defendants concealed that his income and the Property value were inflated to qualify

10   him for the Loan. (Comp. ¶¶ 57-58.)  In the ninth claim for "fraudulent inducement" plaintiff

11   alleges that Wells Fargo failed to disclosure information regarding the negative amortization

12   loan.  (Comp. ¶ 156.)  Both claims fail for the reasons set forth.

13         The required elements for fraudulent concealment are:  (1) concealment or suppression of

14   a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the

15   defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact;

16   (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she

17   had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of

18   the concealment or suppression of the fact.  *Graham v. Bank of Am., N.A.*, 2014 Cal. App.

19   LEXIS 452, at *15-*16 (May 23, 2014).

20         To establish fraud through nondisclosure or concealment of facts, it is necessary to show

21   the defendant was under a legal duty to disclose them."  *Alvarez v. Wells Fargo Bank, N.A.,* U.S.

22   Dist. LEXIS 14304 at *14  (C.D. Cal. 2013).  California law is clear that a lender does not owe a

23   fiduciary duty to its borrower.  *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d

24   1089, 1096 (1991).  *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476-478 (1989) (citation

25   omitted), held: "'A debt is not a trust and there is not a fiduciary relation between debtor and

26   creditor as such.'  The same principle should apply with even greater clarity to the relationship

27   between a bank and its loan customers."  *See also, Perlas v. GMAC Mortg., LLC*, 187 Cal. App.

28   4th 429, 436 (2010) (recognizing that "…a loan transaction is at arm's length and there is no

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  fiduciary relationship between the borrower and lender.") (citations omitted); *Lawrence v. Sadek*,

2  2013 U.S. Dist. LEXIS 16920, at \*10-\*12 (C.D. Cal. Feb. 6, 2013) ("Plaintiff's claim for

3  fraudulent concealment also fails.")

4      In addition to failing to establish a duty to disclose, plaintiff's fraud based claim also fail

5  to meet the pleading requirement for fraud, as set forth below.

6  **B.**    <u>**Intentional Misrepresentation And Negligent Misrepresentation**</u>

7      "To establish a claim for fraudulent misrepresentation, the plaintiff must prove:  '(1) the

8  defendant represented to the plaintiff that an important fact was true; (2) that representation was

9  false; (3) the defendant knew that the representation was false when the defendant made it, or the

10  defendant made the representation recklessly and without regard for its truth; (4) the defendant

11  intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the

12  representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's

13  representation was a substantial factor in causing that harm to the plaintiff.'"  *Id.* at \*14-\*15.

14      The elements of negligent misrepresentation are the same except there is no intent to

15  defraud or induce reliance.  *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004).

16      "[I]t is well-established in the Ninth Circuit that both claims for fraud and negligent

17  misrepresentation must meet Rule 9(b)'s particularity requirement."  *Neilson v. Union Bank of*

18  *Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (*citing Glen Holly Entm't, Inc. v.*

19  *Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999)).  The purpose of Rule 9(b) is to

20  ensure that "allegations of fraud are specific enough to give defendants notice of the particular

21  misconduct which is alleged to constitute the fraud charged so that they can defend against the

22  charge and not just deny that they have done anything wrong.  *Neubronner v. Milken*, 6 F.3d 666,

23  671 (9th Cir. 1993).  "The complaint must specify such facts as the times, dates, places, benefits

24  received, and other details of the alleged fraudulent activity."  *Id.* at 671-72.  Merely identifying

25  allegedly fraudulent conduct fails.

26      As for corporate defendants, Rule 9(b) requires plaintiffs to specifically plead:  (1) the

27  misrepresentation, (2) the speaker and his or her authority to speak (3) when and where the

28  statements were made, (4) whether the statements were oral or written, (5) if the statements were

1   written, the specific documents containing the representations, and (6) the manner in which the

2   representations were allegedly false or misleading.  *Moore v. Kayport Package Express, Inc.*,

3   885 F.2d 531, 549 (9th Cir. 1989).  Vague or conclusory allegations are insufficient to satisfy

4   Rule 9(b)'s "particularity" requirement. *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439

5   (9th Cir. 1987).

6        Here, plaintiff alleges that Wells Fargo falsely represented that he qualified for a loan he

7   could afford, that he would have a favorable fixed rate loan, that he would be able to refinance

8   with a more favorable rate, and failed to disclose that the appraised value of the Property and his

9   income were inflated.  (Comp. ¶¶ 57-60, 107, 113, 124-125, 129 and 156.)  However, plaintiff

10  fails to state a viable claim for fraudulent concealment, intentional or negligent misrepresentation

11  or fraudulent inducement and such claims are not pled with the required specificity.

12       In *Graham,* the plaintiff's allegations of misrepresentations and concealment centered on

13  the appraisal.  The plaintiff alleged that the defendants falsely represented the value of the

14  subject property, that he could refinance to obtain better terms, and that the loan was "good" for

15  him.  2014 Cal. App. LEXIS 452, at *16.  The Court held that "[s]tatements regarding the

16  appraised value of the property are not actionable fraudulent misrepresentations.

17  Representations of opinion, particularly involving matters of value, are ordinarily not actionable

18  representations of fact....Appraisals are 'an opinion as to the market value' of a property

19  prepared by a qualified independent appraiser." *Id.* at *16-17 (citations omitted).  The Court

20  further stated:  "An appraisal is performed in the usual course and scope of the loan process to

21  protect the lender's interest to determine if the property provides adequate security for the loan.

22  Since the appraisal is a value opinion performed for the benefit of the lender, there is no

23  representation of fact upon which a buyer may reasonably rely." *Id.* at *17-*18.

24       Similarly, the Court held that representations that "the loan was 'good' for him or the

25  market would 'increase' and allow him to turn it for a profit" are also not actionable

26  misrepresentations, but "are merely opinions or predictions about future events, they are not

27  factual representations....Predictions about a buyer's real estate investment or the fair market

28  value for property in the future are not actionable misrepresentations.  'It is hornbook law that an

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    actionable misrepresentation must be made about past or existing facts; statements regarding

2    future events are merely deemed opinions.'" *Id.* at *18-*19 (citations omitted).

3    In *Perlas, supra,* 187 Cal. App. 4th at 436, the borrowers alleged that "[b]y preparing and

4    tendering the documents to [borrowers], the Lender Defendants represented to [borrowers that

5    they] could, in fact, make the payments called for in the loans and failed to disclose . . . that they

6    could not possibly afford the payments." The Court of Appeal soundly rejected the borrowers'

7    argument as having no legal basis:

8    Appellants (borrowers) appear to conflate loan qualification with loan affordability. In effect, appellants argue that they were entitled to rely upon GMAC's determination

9    that they *qualified* for the loans in order to decide if they could *afford* the loans. Appellants cite no authority for this proposition, and it ignores the nature of the

10   lender-borrower relationship. '**[A]bsent special circumstances . . . a loan transaction is at arm' s length and there is no fiduciary relationship between the

11   borrower and lender.' . . . A lender is under no duty 'to determine the borrower's ability to repay the loan**. . . . **The lender's efforts to determine the

12   creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'** Thus, appellants fail to demonstrate they can

13   sufficiently amend the FAC to state a cause of action for fraudulent misrepresentation.

14

15   *Id*. (citations omitted; emphasis added).

16   In *Bonyadi*, 2013 U.S. Dist. LEXIS 33302, at *12-*13, the Court held that "to the extent

17   that plaintiff's fraud claim (and indeed, all of her claims) depend on defendants' alleged duty to

18   place her in a loan she could afford at the time of origination, the Court finds that plaintiff fails to

19   state a claim.  The California Court of Appeal has squarely rejected such a duty on the part of

20   lenders, and has affirmed the dismissal of fraud claims that attempt to proceed on this basis.  As

21   such, plaintiff cannot state a claim for fraud based upon on any failure on the part of Citi to

22   disclose to her whether or not her loan was affordable for her.  Borrowers must rely on their own

23   judgment and risk assessment in deciding whether to accept a loan, and a lender cannot be liable

24   in tort for failing to advise a borrower about a loan's affordability, as plaintiff contends." *See*

25   *also, Alvarez, supra,* at *13-*15.

26   As in these cases, here, plaintiff fails to plead an actionable misrepresentation and Wells

27   Fargo owed plaintiff no legal duty to ensure that he could afford to repay the loan or that the loan

28   product was in her best interest.  Accordingly, plaintiff's fraud-based claims are fatally defective.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Furthermore, plaintiff fails to allege facts showing any justifiable reliance resulting in actual damage. "Actual reliance occurs when a misrepresentation is 'an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' and when, absent such representation, 'he would not, in all reasonable probability, have entered into the contract or other transaction.'" *Conroy v. Regents of Univ. of Calif.*, 45 Cal. 4th 1244, 1256 (2009). Insufficient factual allegations of "justifiable reliance", or any other element of fraud, subject a complaint to dismissal. *Id. See, Graham, supra,* 2014 Cal. App. LEXIS 452, at *20 ("For active misrepresentation, a plaintiff must plead and prove reliance on the representation was a substantial factor in causing harm to the plaintiff. For fraudulent concealment, the plaintiff must plead and prove he or she sustained damage as a result of the concealment or suppression of fact.") (citations omitted). Here, plaintiff alleges that he relied on the representations and accepted the loan, and as a result he lost equity in the Property, his credit score was reduced, he could not make ends meet, increased credit costs and he is facing the possibility of losing the Property to foreclosure. (Comp. ¶¶74, 89, 95, 108, and 160.) However, similar allegations have been rejected by the Court.

In *Graham,* the plaintiff alleged "the representations or omissions were made with an intent to defraud him by inducing him to finance his home with an ARM loan, which 'could then be quickly marketed to Wall Street and its international investors and bring revenue to defendants.' He also alleges (1) the current value of his home is less than the appraised value, (2) his damages include his 'initial contribution' to consummate the loan and (3) there is a 'clear and present prospect of losing the home to foreclosure.'" *Id.* at *20-*21. Rejecting these allegations, the Court held:

> *Graham* does not allege a sufficient nexus between the alleged misrepresentations or concealment and his alleged economic harm. (*Bank of America Corp., supra,* 198 Cal. App. 4th at p. 873.) In *Bank of America Corp.,* the court observed, 'homeowners who did not obtain loans from [defendants] likewise suffered a decline in property values, a decline in their home equity, and reduced access to their home equity lines of credit. Irrespective of whether a homeowner obtained a loan from [defendants], or obtained a loan through another lender, or whether a homeowner owned his or her home free and clear, all suffered a loss of home equity due to the generalized decline in home values.'

(*Ibid.*)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Similarly here, the damages *Graham* alleges he incurred are the result of a decline in the

2    overall market.  The risk of property loss from foreclosure is the result of *Graham's* default on

3    the loan, not the alleged conduct by defendants.  Therefore, *Graham* has not  sufficiently pleaded

4    a causal connection between any damages and any actionable conduct by the defendants in

5    entering into the loan agreement.  *Id.* at *21-*23.

6    As in *Graham,* here, plaintiff fails to plead a causal connection between his alleged

7    damages and any actionable conduct by Wells Fargo.  Indeed, plaintiff's alleged damages are the

8    result of his default on the loan, not the alleged representations occurring over seven years ago.

9    *See also, DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296, at *19-*22 (N.D. Cal.

10   2011).

11   Moreover, plaintiff cannot claim to have reasonably relied on a promise that directly

12   contradicted the documents he signed.  *Tomlinson v. Qualcomm*, 97 Cal. App. 4th 934, 946

13   (2002).

14   **7.    PLAINTIFF FAILS TO STATE CLAIMS FOR**

15   **NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

16   As discussed above, plaintiff's claims are preempted by HOLA and time-barred.  And, as

17   discussed in section 6 above, plaintiff has not satisfied the pleading requirements for negligent

18   misrepresentation.  Moreover, the negligent misrepresentation and negligence claims fail for a

19   lack of duty of care owed to plaintiff.  "As is true of negligence, responsibility for negligent

20   misrepresentation rests upon the existence of a legal duty…."  *Eddy v. Sharp*, 199 Cal. App. 3d

21   858, 864 (1988).  A plaintiff's "inability to plead a duty of care . . . precludes his maintenance of

22   a cause of action on any negligence theory."  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349

23   (1997).  "The determination of whether a duty exists is primarily a question of law."  *Eddy*, 199

24   Cal. App. 3d at 864.  The law in this State is clear that lenders do not owe their borrowers a duty

25   of care.  In *Nymark v. Heart Fed. Sav. & Loan Ass'n,* 231 Cal. App. 3d 1089, 1095, the Court

26   held:  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the

27   institution's involvement in the loan transaction does not exceed the scope of its conventional

28   role as a mere lender of money."

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Here, Wells Fargo's purported misconduct involves the origination of plaintiff's loan

2    which does not extend beyond the normal business of a lender.  *See, Perlas*, 187 Cal. App. 4th at

3    436 (lender owes no duty of care to borrower in approving a loan).  Thus, plaintiff cannot

4    establish a duty of care owed to him, and the negligence-based claims fail as a matter of law.

5    **8.    THE BREACH OF FIDUCIARY DUTY  CLAIMS FAIL AS A MATTER OF LAW**

6    Plaintiff alleges that Wells Fargo owed him a fiduciary duty and breached such duty by

7    placing him in a unfavorable loan the he could not afford and by not disclosing the negative

8    consequences of the loan.  (Comp. ¶¶ 124-125.)  As discussed above, California law is clear that

9    a lender does **not** owe a fiduciary duty to its borrower.  *Nymark v. Heart Fed. Savs. & Loan*

10   *Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).  *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465,

11   476-478 (1989) (citation omitted), held: "'A debt is not a trust and there is not a fiduciary

12   relation between debtor and creditor as such.'  The same principle should apply with even greater

13   clarity to the relationship between a bank and its loan customers." *See also, Perlas v. GMAC*

14   *Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (recognizing that "…a loan transaction is at

15   arm's length and there is no fiduciary relationship between the borrower and lender.") (citations

16   omitted).

17   **9.    PLAINTIFF FAILS TO STATE A BREACH OF CONTRACT CLAIM**

18   In addition to being time-barred, plaintiff's claim fails on substantive grounds.  Plaintiff

19   alleges an oral agreement that was entered into prior to the execution of the loan agreement and

20   was inconsistent with the terms of that agreement.  (Comp. ¶¶ 129, 131.)  Thus, his claim

21   violates the statute of frauds and the parol evidence rule.  Civ. Code §§ 1624, 1625; Civ. Proc.

22   Code § 1856; *Hayter Trucking, Inc. v. Shell Western E&P, Inc.*, 18 Cal. App. 4th 1, 15 (1993).

23   In addition, to the extent plaintiff alleges an oral agreement to refinance the loan, that

24   alleged agreement is too vague to be enforceable.  Plaintiff merely states that "he would be able

25   to refinance when his teaser payment adjusted." (Comp. ¶ 129.)  There was no agreement as to

26   the interest rate,  loan fees, costs, points, amount to be financed, or any other term of the

27   "promised" loan.  This is not a contract.  The "agreement" was not sufficiently certain.

28   *Weddington Productions v. Flick*, 60 Cal. App. 793, 811 (1998) (terms of a contract must be

1   reasonably certain).

2   **10.   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION**

3   **OF BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.***

4   In addition to being preempted by HOLA and time-barred, plaintiff fails to state a claim

5   under Business & Professions Code §§ 17200, *et seq.* ("UCL").

6   **A.   Plaintiff Fails To Plead The Required Elements**

7   The UCL precludes any unlawful, unfair, or fraudulent business act or practice.  A UCL

8   claim must state with reasonable particularity the facts supporting the elements of the alleged

9   violation.  *Khoury v. Maly's, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  It requires an allegation of

10  particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the

11  defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury*,

12  14 Cal. App. 4th at 619; *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1037 (N.D.

13  Cal. 2010); ("This cause of action is derivative of some other illegal conduct or fraud committed

14  by a defendant, and a plaintiff must state with reasonable particularity the facts supporting the

15  statutory elements of the violation").  Further, an UCL claim "cannot be used to state a cause of

16  action the gist of which is absolutely barred under some other principle of law."  *Stop Youth*

17  *Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 566 (1998); *Cel-Tech Comm's, Inc. v. Los*

18  *Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) ("A court may not allow a plaintiff to

19  'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair

20  competition.'").

21  Here, plaintiff's allegations fail to establish any "unlawful", "unfair" or "fraudulent"

22  activity by Wells Fargo.  The "unlawful" prong borrows statutory or constitutional claims from

23  elsewhere.  *Melegrito v. CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 60447, at *24 (N.D. Cal.

24  June 6, 2011).  "A defendant cannot be liable under § 17200 for committing 'unlawful business

25  practices' without having violated another law."  *Ingels v. Westwood One Broadcasting Services,*

26  *Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (citations omitted).  The "unfair" prong applies when

27  the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects

28  are comparable to a violation of the law, or that otherwise significantly threatens or harms

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

competition." *Cel-Tech.*, 20 Cal. 4th at 187.  The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff.  *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).  It must be shown that members of the public "are likely to be deceived."  *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994).  Further, a plaintiff "must plead a claim for fraudulent behavior under the UCL with particularity as required by Rule 9(b)."  *Martinez v. Welk Group, Inc.*, 2011 U.S. Dist. LEXIS 58718, at *22 (S.D. Cal. June 2, 2011) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

The allegations of the seventh claim for relief fail to meet these basic standards.  Plaintiff does not allege any violation of the UCL.  Plaintiff's claim is predicated on the preceding claims for relief.  (Comp. ¶¶ 135-136.)  Since, as discussed above, those claims are defective, they cannot support a UCL claim and cannot be saved by recasting them as claims for unfair business practices.  *Bonyadi*, 2013 U.S. Dist. LEXIS 33302, at *18-*19 ("Even if plaintiff's claim were not time-barred, her allegations again concern defendants' purported duty to only exten[d] plaintiff a loan that she could afford at the time the loan was originated.  Because the Court finds that California courts have rejected this theory of unfair business practices, as discussed above, plaintiff fails to state a cognizable claim under the UCL on this basis."); *Graham*, 2014 Cal. App. LEXIS 452, at *24-*30 (plaintiff's allegations based on an inflated appraisal do not state an UCL claim under any of the three prongs).  *See also, Cerecedes v. U.S. Bankcorp*, 2011 U.S. Dist. LEXIS 75559, at *15-*17 (C.D. Cal. July 11, 2011) (Section 17200 claim dismissed where plaintiffs failed to allege a viable independent claim for violations of California's non-judicial foreclosure scheme, Civ. Code §§ 2923.5, 2924-29241); *Slipak v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 131079, at *11-*12 (E.D. Cal. Nov. 10, 2011) (Where UCL claim "is premised upon the same acts alleged in the other claims in his complaint, all of which fail to state a claim… Plaintiff's section 17200 claim is dismissed" because "Plaintiff has not adequately alleged any predicate unlawful, unfair, or fraudulent acts.").

## B.   Plaintiff Lacks Standing To State A Claim

"To satisfy the narrower standing requirements imposed by Proposition 64, a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   i.e., *economic injury*, and (2) show that the economic injury was the result of, i.e., *caused by*, the

2   unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v.*

3   *Superior Ct.*, 51 Cal.4th 310, 322 (2011).  In order to survive dismissal, plaintiff must plead

4   "general factual allegations of injury resulting from the defendant's conduct." *Id.* at 327.

5   Indeed, a plaintiff fails to satisfy the causation prong of the statute if he or she would have

6   suffered "the same harm whether or not a defendant complied with the law." *Daro v. Superior*

7   *Court*, 151 Cal. App. 4th 1079, 1099 (2007).

8           Here, plaintiff has not alleged an injury in fact and a loss of money or property caused by

9   any conduct of Wells Fargo in violation of the UCL.  Indeed, any injury and loss would have

10  been caused by plaintiff's failure to make the loan payments as promised.  In a similar situation,

11  the Court in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 524 (2013), held

12  that the borrower did not have standing to bring a claim for violation of the UCL.  The borrower

13  alleged that the defendant's unfair business practices caused her home to be subjected to

14  foreclosure, and resulted in her incurring unspecified monetary damages.  *Id.* at 520.  After

15  noting the test for standing set forth in *Kwikset*, the Court in *Jenkins* found:

16          It is also indisputable Jenkins's default triggered the lawful enforcement of the power
            of sale clause in the deed of trust, and it was the triggering of the power of sale clause
17          that subjected Jenkins's home to nonjudicial foreclosure.  Moreover, Jenkins's SAC
            and opening brief acknowledge her default occurred *prior to* the six unlawful or
18          unfair acts she alleges as the basis of her UCL action.  As Jenkins's home was subject
            to nonjudicial foreclosure because of Jenkins' default on her loan, which occurred
19          before Defendants' alleged wrongful acts, Jenkins cannot assert the impending
            foreclosure of her home (i.e., her alleged economic injury) was caused by
20          Defendants' wrongful actions.

21  *Id.* at 524 (emphasis added).  *See also, Graham*, 2014 Cal. App. LEXIS 452, at *33-*35 ("As

22  discussed in part II.C., ante, *Graham* alleges his property value declined as a result of an overall

23  decline in the market; he does not allege a correlation between his property value decline and

24  defendants' alleged conduct related to the appraisal value.  He does not allege he would not have

25  incurred loan origination contribution costs or fees had he borrowed from another lender.

26  Finally, his prospect of losing the home to foreclosure is the result of default, not the alleged

27  conduct of defendants."); *DeLeon*, 2011 U.S. Dist. LEXIS 8296, at *19-*22.  Here, plaintiff has

28  no actual loss caused by Wells Fargo's alleged conduct.  Plaintiff borrowed money from Wells

1   Fargo's predecessor and did not repay the loan.  Thus, any possible loss would be the "result of"

2   plaintiff's failure to make her loan payments.

3                    **11.   PLAINTIFF'S EIGHTH CLAIM, TO CANCEL**

4                         **ASSIGNMENT OF DEED OF TRUST, FAILS**

5          Plaintiff's claim makes no sense and fails to meet the Rule 8 standards.  Plaintiff claims

6   that the "assignment of the Deed of Trust is invalid" is meaningless.  No assignment of the deed

7   of trust occurred.  Wells Fargo is simply the corporate successor to World Savings.  In a similar

8   case the Court took judicial notice of the same documents Wells Fargo is offering here to

9   establish the name change and merger, and dismissed a borrower' s claims alleging Wells

10  Fargo's lack of standing to foreclose.  In *Hague v. Wells Fargo Bank, N.A.,* 2012 U.S. Dist.

11  LEXIS 84695, at *8-*11 (N.D. Cal. Aug. 2, 2011), the plaintiff attacked foreclosure on a loan

12  made by World Savings.  The *Hague* plaintiff asserted that Wells Fargo could not exercise the

13  power of sale without showing that it had title to the note and deed of trust.  Overruling the

14  plaintiff's objections, the *Hague* court took judicial notice of documents establishing that:

15          World Savings changed its name to Wachovia Mortgage, FSB, on December 31,
            2007.  In November 2009, this entity changed its name to Wells Fargo Bank
16          Southwest, N.A., and merged into Wells Fargo Bank, N.A.  (" Wells Fargo"  or "
            Defendant" ). Because **Wells Fargo has shown that World Savings and Wells**
17          **Fargo are now one and the same**, allegations against World Savings will be
            construed as allegations against Wells Fargo.

18

19  *Id*. at *2-*3 (emphasis added).  The Court dismissed the claims asserting that Wells Fargo lacked

20  standing to enforce the power of sale under the deed of trust, concluding:

21          The deed of trust at issue here lists World Savings as the lender.  Judicially noticeable
            documents show that World Savings and Wells Fargo are one and the same.  Thus
22          Wells Fargo's rights as lender under the deed of trust and under California's
            nonjudicial foreclosure statutes are controlling.

23

24  *Id*. at *11.

25                    **12.   ALL OF PLAINTIFF'S CLAIMS ARE PREEMPTED BY**

26                         **THE HOME OWNERS' LOAN ACT ("HOLA")**

27          At Loan origination, World Savings was a federal savings bank regulated by the Office of

28  Thrift Supervision ("OTS").  (RJN, Exhs. C-F.)  World Savings merged with Wells Fargo Bank,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    N.A. effective November 1, 2009. (*Id.*) Since the Loan was originated by a federal saving bank

2    and plaintiff's claims relate either to the loan origination or alleged transfer of the loan from a

3    federal savings bank HOLA applies and preempts plaintiff's claims.

4         "Through HOLA, Congress gave the Office of Thrift Supervision ('OTS') broad

5    authority to issue regulations governing thrifts. . . . As the principal regulator for federal savings

6    associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." *Silvas v.*

7    *E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). Section 560.2 reads, *inter alia*:

8         OTS hereby occupies the entire field of lending regulation for federal savings
          associations. OTS intends to give federal savings associations maximum flexibility to
9         exercise their lending powers in accordance with a uniform federal scheme of
          regulation. 12 C.F.R. § 560.2(a).
10
          Section 560.2(b) lists specific types of state laws that are preempted. The list
11        includes state laws that purport to impose requirements regarding:

12             (4)    The terms of credit, including amortization of loans and the
               deferral and capitalization of interest and adjustments to the interest rate,
13             balance, payments due, or term to maturity of the loan, including the
               circumstances under which a loan may be called due and payable upon the
14             passage of time or a specified event external to the loan....
               (9)    Disclosure and advertising, including laws requiring specific
15             statements, information, or other content to be included in credit application
               forms, credit solicitations, billing statements, credit contracts, or other credit-
16             related documents...[and]

17             (10)   Processing, origination, servicing, sale or purchase of, or
               investment or participation in, mortgages.... 12 C.F.R. § 560.2(b).
18

19        In *Silvas*, the Ninth Circuit set forth the analysis to follow in order to determine whether a

20   state law is preempted. First, a court should determine whether, as applied, the law is the type of

21   law listed in Section 560.2(b). If it is, the analysis ends, and the law is preempted. *See, Silvas*,

22   514 F. 3d at 1005 (quoting OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). If

23   the law in question, as applied, is not listed in Section 560.2(b), a court should determine

24   whether the law affects lending. If the answer is yes, then, pursuant to Section 560.2(a), a

25   presumption arises that the law is preempted. *Id.; see also, Omega v. Wells Fargo & Co.*, 2011

26   U.S. Dist. LEXIS 103928, at *13 (N.D. Cal. Sept. 14, 2011).

27   / / /

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

A.   **Plaintiff's First Through Seventh And Ninth Claims Relate To The Loan Origination And Are Therefore Preempted**

As detailed below, plaintiff's claims relate to the loan origination and/or terms of credit and are therefore preempted.

- <u>First claim</u>:  Plaintiff alleges that "they [sic] qualified for the loan they obtained; that they [sic] would be in a favorable loan; that after Plaintiff's teaser payment adjusted, they [sic] would be able to refinance and obtain a more favorable loan." (Comp. ¶ 57.)  Plaintiff also alleges "lax underwriting guidelines."  (Comp. ¶ 70.)

- <u>Second claim</u>:  Plaintiff's  second claim is vague and relies on the allegations in his first claim.  (Comp. ¶ 79.)  It is clear, however, that the second claim relates to the loan orientation as plaintiff references (a) "concealment of facts in regard to the origination of the loan" (b)  representations made in or around September 2006, and (c) that the loan application was based upon false information. (Comp. ¶¶ 84, 90 and 94.)

- <u>Third claim</u>:  Plaintiff's  third claim is vague and relies on the allegations in the first two claims.  (Comp. ¶ 91.)  It is clear, however, that the third claim relates to the loan orientation as plaintiff alleges that "was qualified for a loan through the means of falsified information . . . ." (Comp. ¶ 107.)

- <u>Forth claim</u>:  Plaintiff alleges that "Defendants  . . . breach their [sic] duty to Plaintiff to perform acts as brokers of loans  . . ." (Comp. ¶ 112.)  And, plaintiff alleges that he was directed "into a loan transaction that [he] may not have otherwise qualified for pursuant to industry standards, resulting in excessive fees . . . ." (Comp. ¶ 113.)

- <u>Fifth claim</u>:  Plaintiff alleges that he hired World Savings "for the purposed [sic] of obtaining a loan  . . . ." and that the loan " had unfavorable terms" that he could "not ultimately afford . . . ." (Comp. ¶¶ 121 and 125.)

- <u>Sixth claim</u>:  Plaintiff claims that he was promised a favorable loan and that he would be able to refinance when the "teaser payment adjusted." (Comp. ¶ 129.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

- <u>Seventh claim</u>: Plaintiff alleges that he was induced "to accept a mortgage for which he was not qualified . . ."  (Comp. ¶ 135.)

- <u>Ninth claim</u>:    Plaintiff alleges that "from the inception of the adjustable rate loan . . ." defendants failed to disclose "information concerning the negative amortization . . . ."  (Comp. ¶ 156.)

Case law readily applies HOLA to these kinds of state law claims regardless of the claim for relief pled.  In *Bassett v. Ruggles*, 2009 U.S. Dist. LEXIS 83349 (E.D. Cal. September 14, 2009), the District Court, after surveying the landscape of HOLA preemption case law, concluded that the cases "universally indicate Plaintiffs' claims based on fraud or conspiracy to breach fiduciary duties against Flagstar based on the allegation that Ruggles/IGS induced Plaintiffs to enter into a loan with an interest rate higher than Plaintiffs were qualified for will be preempted by HOLA."  *Id.* at *60.  The *Bassett* court also dismissed, without leave to amend, plaintiff's claim "based on the alleged nondisclosure of the yield spread premium or the payment of the yield spread premium."  *Id.*

In *Andrade v. Wachovia Mortgage, FSB,* 2009 U.S. Dist. LEXIS 34872 *6-*9 (S.D. Cal. April 21, 2009)*,* plaintiff asserted various state law claims including quiet title, fraud, and rescission.  The Court ruled that such claims were expressly preempted by 12 C.F.R. § 560.2(b), reasoning that:  "Plaintiff's allegations revolve entirely around the 'processing, origination, [and] servicing' of the Plaintiff's mortgage, including the 'terms of credit' offered, the 'loan-related fees' charged, and the adequacy of disclosures made by Defendants in soliciting and settling the loan. 12 C.F.R. §§ 560.2(b)(4), (9), (10).  Because the state laws on which Plaintiff relies, as applied, would regulate lending activities expressly contemplated by § 560.2(b), the claims are preempted."  *Id.* at *9.  *See also, Amaral v. Wachovia Mortgage,* 692 F. Supp. 2d 1226, 1238 (E.D. Cal. 2010) ("Because Plaintiffs' fraud claim, as applied, bears on lending activities expressly contemplated by *§ 560.2(b)*, it is preempted.").

In *Garcia v. Wachovia Mortgage, Corp.*, 676 F. Supp. 2d 895, 913 (C.D. Cal. 2009), the Court held that a lender's alleged failures to disclose adjustments to the interest rate and the negative amortization feature of the loan were preempted by § 560.2(b)(4)'s "terms of credit"

and (b)(9)'s "disclosure" prongs.  In *Alvarez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 14304, at *8-*10 (Bernal, J. C.D. Cal. Jan. 31, 2013), the Court held that claims based on World Savings' alleged failure to disclose certain loan terms and risks and a failure to offer a loan modification were preempted by HOLA, 12 C.F.R. § 560.2(b).  In *Nava v. Virtual Bank* et al., 2008 U.S. Dist. LEXIS 72819, at *19-*20 (E.D. Cal. 2008), the Court held that a claim primarily based on "a failure to properly disclose and represent the true interest rate of the loan and that negative amortization was certain to occur…." clearly "implicates § 560.2 (b)(9) since its application would purport to impose requirements on the types of disclosures made by defendants" and was preempted.  *See also*, *Naulty v. Greenpoint Mortgage Funding, Inc*., 2009 U.S. Dist. LEXIS 79250, at *14 (N.D. Cal. Sept. 2, 2009) (plaintiff's claims for fraud, breach of fiduciary duty and negligence were preempted by Section 560.2(b)(10) because they related to the origination of plaintiff's mortgage).

As established by the relevant case law, plaintiff's first through seventh claims and ninth claim should be dismissed without leave to amend since they are preempted by HOLA.

**B.**      **Plaintiff's Eighth Claim Relating To Ownership Of The Note Is Preempted By HOLA**

In plaintiff's eighth claim, he alleges that the "assignment of the Deed of Trust is invalid and WACHOVIA nor WELLS FARGO did not have standing or legal authority to assign the Deed of Trust  . . . ." (Comp. ¶ 152.)  This "note ownership" claim it preempted under Section 560.2(b)(10) as a challenge to a "sale or purchase of" a "mortgage."

In *Winding v. Cal-Western Reconveyance Corp.*, 2011 U.S. Dist. LEXIS 8962, *33-34 (E.D. Cal. Jan. 21, 2011) the Court confirmed that claims relating to ownership of the note are preempted by HOLA.  ("Wells Fargo characterizes the "heart" of the complaint's claims as "negotiable instrument" transfer and ownership and that allegations to such effect fall within Section 560.2(b)(10) as challenge to a "sale or purchase of" a "mortgage" originated by a savings bank.  Wells Fargo is correct that Section 560.2 preempts the complaint's allegations as to misconduct surrounding foreclosure originating from negotiable instrument issues.  HOLA preemption further warrants dismissal of the complaint's claims given that they address "sale or

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

purchase of . . . or participation in, mortgages.")  In *Ahmed v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) the Court dismissed *with prejudice* claims based on allegations that Wells Fargo "did not possess the promissory note" or "are not the legal owners of the note and Trust Deed" because such claims are preempted by HOLA.  *Id.* at *8-*9; *see also*, *Becker v. Wells Fargo Bank, N.A.*, (E.D. Cal. March 11, 2011) U.S. Dist. LEXIS 29687 at *56-58 (HOLA preempted claims based on allegations that defendants were not the "true holder" of the note).

    As such, plaintiff's eighth claim should be dismissed without prejudice.

### 13.   CONCLUSION

    For the foregoing reasons, Wells Fargo requests an order granting its motion to dismiss as to all claims, without leave to amend.

                                        Respectfully submitted,

Dated:  June 25, 2014                   ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP


                                        By:   /s/ Kenneth A. Franklin
                                            Kenneth A. Franklin
                                            kfranklin@afrct.com
                                        Attorneys for Defendant
                                        WELLS FARGO BANK, N.A., successor by
                                        merger with Wells Fargo Bank Southwest, N.A.,
                                        f/k/a Wachovia Mortgage, FSB, f/k/a World
                                        Savings Bank, FSB ("Wells Fargo")(sued
                                        erroneously as "Wells Fargo Home Mortgage the
                                        successors and assigns of Wachovia Corporation;
                                        the successors and assigns of World Savings
                                        Bank")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS
COMPLAINT PURSUANT TO F.R.C.P. RULES 8, 9 AND 12(b)(6)**

on the interested parties in said case as follows:

| **Served Electronically Via the Court's CM/ECF System** | **Served by means other than Electronically Via the Court's CM/ECF System** |
|---|---|
| *Attorneys for Plaintiff* | *Plaintiff Pro Se:* |
| Frank Barilla<br>Law Offices of Frank Barilla<br>29483 Vacation Drive<br>Canyon Lake, CA 92587<br>tgrimmer@barillalaw.com<br>Tel:  714-943-5638<br>Fax:  714-845-9015 | Karl Bastian<br>4180 Barnes Road<br>Santa Rosa, CA 95403<br>Tel:  707-974-8900 |

☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on June 25, 2014.

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |